**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| AARON MANUEL JOSEPH, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 5:93-CR-22 (HL)<br>18 U. S. C. § 3582(c)(2) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

A five (5) Count Superseding Indictment was returned in this Court on May 27, 1993, charging Petitioner Aaron Manuel Joseph with Conspiracy to Commit Bank Robbery; Assault During the Commission of Bank Robbery; Kidnaping a Hostage; Use of Firearm During Bank Robbery; and Possession of Stolen Firearm. (R-81). A Jury Trial resulted in Petitioner's conviction on all Counts on October 20, 1993. (R-99). Petitioner Joseph was sentenced on March 3, 1994, as follows: Count I - 60 months imprisonment; Count II - 210 months imprisonment; Count III - 210 months imprisonment; Count IV - 60 months imprisonment; and Count V - 210 months imprisonment. Count IV was ordered to be served consecutive to all other Counts, resulting in a total sentence of 270 months imprisonment. (R-121). Petitioner Joseph appealed his conviction and sentence, but the same were affirmed by the The United States Court of Appeals for the Eleventh Circuit on January 13, 1996. (R-134).

On May 1, 1997, Petitioner Joseph filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R-145), which was denied on July 12, 1997 (R-153). He then filed on May 4, 1998, a Motion To Vacate 5 Year Consecutive Sentence (R-163), which was also denied. On June 26, 2000, Petitioner Joseph filed a Motion For Correction and Modification of Sentence (R-

176), which was denied on July 17, 2000.

On June 7, 2004, Petitioner Joseph filed a first independent Motion To Modify Term of Sentence Pursuant to U.S.S.G. 1B1.10(c), Amendment 599, effective November 1, 2000. (R-254). The Court decided against modifying his sentence, and this Motion was denied on July 12, 2004. (R-256). Joseph appealed the District Court's decision, but the The United States Court of Appeals for the Eleventh Circuit affirmed the District Court on May 6, 2005. (R-268). Petitioner Joseph then filed a Motion To Eliminate Enhancements and Reduce Sentence, on January 17, 2006 (R-278), which was denied on February 6, 2006.

Joseph filed on July 1, 2008, his second and present Motion To Modify Term of Imprisonment [R-121, Judgment] Pursuant To U.S.S.G. 1B1.10(c), Amendment 599, effective November 1, 2000. (R-293). He also moved for the appointment of counsel. (R-299). Petitioner has restated the criminal history of this case and the provisions of Amendment 599, just as he did in his June 7, 2004 Motion (R-254), and in conclusion moves this court to "reduce his guideline offense level of 35, to a level of 28, yielding a projected re-sentencing range of 78-97 months imprisonment." (R-293). Joseph notes again that Amendment 599 was made retroactive by U.S.S.G. 1B1.10(c).

## Conclusion of Law

Title 18 U.S.C. § 3582(c)(2), provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, *the court may reduce the term of imprisonment,* after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

2

The statute, by its choice of the phrase, "*the court may reduce the term of imprisonment,*" clearly intended that the District Court would have discretion to reduce the sentence or not, according to the considerations prescribed. Ordinarily, a district court cannot modify a term of imprisonment once imposed. *United States v. Moreno,* 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam), *cert. denied,* 126 S.Ct. 1643 (2006). "Under 18 U.S.C. § 3582(C)(2), however, *a district court has discretion* to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000). (emphasis added).

Petitioner Joseph cannot presume that retroactive application of Amendment 599 will necessarily result in a reduction of his sentence. To the contrary, Petitioner Joseph's first Motion To Modify Term of Sentence Pursuant to U.S.S.G. 1B1.10(c), Amendment 599, effective November 1, 2000 (R-254), resulted in the District Court's decision not to reduce his sentence after full and proper consideration of Amendment 599, and the The United States Court of Appeals for the Eleventh Circuit affirmed the District Court's decision on July 12, 2004, as noted heretofore. Petitioner's present Motion To Modify Term of Imprisonment Pursuant To U.S.S.G. 1B1.10(c), Amendment 599, effective November 1, 2000 (R-293), violates *The Mandate Rule* and the *Law of the Case Doctrine.* He has no right to file this Motion; this Court has no authority to entertain it.

Citing *United States v. Tamayo,* 80 F.3d 1514 (11th Cir. 1996), the Court in *United States v. Amedeo,* 487 F.3d 823, 829, 830 (11th Cir. May 24, 2007) defined *The Mandate Rule* and its connection to the *Law of the Case Doctrine,* as follows:

> "The law of the case doctrine, self-imposed by the courts, operates to

3

create efficiency, finality, and obedience within the judicial system so that an appellate decision binds all subsequent proceedings in the same case**."** *Tamayo* at 1520. The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." Accordingly, when acting under an appellate court's mandate a district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been mandated." *Id.* . . . The law of the case doctrine (and, by implication, the mandate rule) applies to findings made under the Sentencing Guidelines. *See, e.g., United States v. Bordon,* 421 F.3d 1202, 1207-08 (11th Cir. 2005) (declining to consider a challenge to a Guideline calculation that was previously reviewed and affirmed by this court).

The United States Court of Appeals for the Eleventh Circuit's decisions are not obscure. What more can be said of Petitioner Joseph's second Motion To Modify Term of Imprisonment Pursuant To U.S.S.G. 1B1.10(c), Amendment 599, effective November 1, 2000?

**WHEREFORE IT IS RECOMMENDED** that Petitioner's Motion be DENIED as failing to state a claim upon which this court may grant relief, and that Petitioner's Motion for Appointment of Counsel (R-299) be DENIED as moot. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of August 2008.

                                                                                    S/ G. MALLON FAIRCLOTH
                                                                                    UNITED STATES MAGISTRATE JUDGE